Kian Mottahedeh (SBN 247375)
John D. Sarai (SBN 259125)
**SM LAW GROUP, APC**
16130 Ventura Blvd., Suite 660
Encino, CA 91436
Tel: (818) 855-5950
Fax: (818) 855-5952
kian@smlawca.com
john@smlawca.com

Attorneys for Plaintiff,
WILLIAM WILBURN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM WILBURN,<br><br>             Plaintiff,<br>     vs.<br><br>JPMORGAN CHASE BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE TELEPHONE CONSUMER PROTECTION ACT**<br>   **[47 U.S.C. § 227** *et seq.***]**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>   **[CAL. CIV. CODE § 1788** *et seq.***]** |

## COMPLAINT FOR DAMAGES
## INTRODUCTION

1.  William Wilburn (hereinafter "Plaintiff") brings this action to secure redress from unlawful credit and collection practices engaged in by JPMorgan Chase Bank, N.A. (hereinafter "Defendant"). Plaintiff alleges violations of the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment and delegates rulemaking authority to the Federal Communications Commission ("FCC").  Among other things, the TCPA prohibits calls or texts to a consumer's cellular telephone through the use of automatic dialers without the consumer's prior express consent.  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## VENUE AND JURISDICTION

2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff William Wilburn is an individual who resides in Ojai, Ventura County, California 93023.

5.     Plaintiff is a natural person obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Defendant JPMorgan Chase Bank, N.A. is a federally chartered bank, registered under the laws of the State of Delaware. Defendant's principal place of business is located at 270 Park Avenue, New York, NY 10017-2070. Upon information and belief, Defendant's Registered Agent for Service of Process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. Defendant regularly engages in the collection of debt by telephone in several states including, California. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by both the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA, CAL. CIV. CODE § 1788.2(c).

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

9. Within one (1) year prior to the filing of this action, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged debt owed.

10. The debt Defendant is attempting to collect is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(f).

11. Within one (1) year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at, but not limited to, Plaintiff's cellular telephone number (925) 399-2794.

12. Upon information and belief, Defendant continuously and repeatedly called Plaintiff at Plaintiff's cellular telephone number from telephone numbers: (402) 220-4351, (210) 520-6400, (214) 484-0257, and (847) 426-9203. At all times relevant, Defendant owned, operated, and/or controlled telephone numbers: (402) 220-4351, (210) 520-6400, (214) 484-0257, and (847) 426-9203.

13. Within one (1) year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously in order to annoy Plaintiff.

14. Within one (1) year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

15. Defendant called Plaintiff over seventy-four (74) times in the eighty (80) day period between August 5, 2016 and November 25, 2016.

16. Defendant called Plaintiff at least four (4) times in a single day on multiple occasions. For instance and without limitation, Defendant called Plaintiff at least four (4) times on September 15, 2016; September 20, 2016; and September 27, 2016.

17. On many occasions, Plaintiff answered phone calls from Defendant, said "Hello" several times, but was hung up on.

18. Each call from Defendant that Plaintiff answered began with a beep, click, or long pause before it was answered by a live operator.

19. Defendant called Plaintiff despite Plaintiff requesting the calls to stop, orally and in writing, on three (3) separate occasions.

20. On August 19, 2016, at approximately 1:22 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number (925) 399-2794 from Defendant's

telephone number (210) 520-6400.  Plaintiff answered Defendant's telephone call and spoke with a representative of Defendant.  Plaintiff requested that Defendant cease contacting Plaintiff.

21.   Subsequent to Plaintiff's initial request on August 19, 2016, at approximately 1:22 p.m., Defendant called Plaintiff no less than fifty-three (53) times on Plaintiff's cellular telephone number (925) 399-2794.

22.   On October 20, 2016, at approximately 2:38 p.m., Defendant called Plaintiff at Plaintiff's cellular telephone number (925) 399-2794 from Defendant's telephone number (847) 426-9203.  Plaintiff answered Defendant's telephone call and spoke with a representative of Defendant.  Plaintiff again requested that Defendant cease contacting Plaintiff.

23.   Subsequent to Plaintiff's second request on October 20, 2016, at approximately 2:38 p.m., Defendant called Plaintiff no less than three (3) times on Plaintiff's cellular telephone number (925) 399-2794.

24.   On October 19, 2016, Plaintiff mailed a letter to Defendant, requesting that Defendant cease calling Plaintiff.  (See, attached as Exhibit A, a true and correct copy of the letter).

25.   The letter was received by Defendant on October 21, 2016 at 2:10 p.m.. (See, attached as Exhibit B, the USPS tracking record of the letter).

26.   Subsequent to Defendant's receipt of Plaintiff's third request to cease calls on October 21, 2016, Defendant called Plaintiff at three (3) times on Plaintiff's cellular telephone number (925) 399-2794.

27.   At all times relevant to this action, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

28. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

29. Within four (4) years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

30. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

31. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on August 19, 2016.

32. Defendant is not a tax exempt nonprofit organization.

33. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff repeatedly requested that Defendant cease calling Plaintiff.

34. Defendant's violation of the TCPA was knowing. Defendant's violation of the TCPA was knowing because Defendant has repeatedly been the subject of litigation due to its use of an automatic telephone dialing system. Defendant's violation of the TCPA was also knowing because Plaintiff repeatedly asked Defendant to stop calling.

35. Within four (4) years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than fifty-three (53) times at

Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

36. The natural and probable consequences of Defendant's conduct were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

37. The natural and probable consequences of Defendant's conduct were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. Defendant's conduct as described in detail above amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

39. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

40. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

### **FIRST CAUSE OF ACTION**
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

      a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

  b. Within four (4) years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
**(Violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

  a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing the telephone to ring repeatedly or continuously to annoy the person called;

  b. Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment; and

    c. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (the Fair Debt Collection Practices Act):

        i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly; and

        iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

47. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

    A. An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

    B. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

    C. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in

statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

D. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

E. Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b);

F. Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, William Wilburn, demands trial by a jury in this action.

RESPECTFULLY SUBMITTED,
**SM LAW GROUP, APC**

DATED: February 6, 2017        By: */s/ Kian Mottahedeh*
Kian Mottahedeh, Esq. (SBN 247375)
Attorneys for Plaintiff,
WILLIAM WILBURN